1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

WILLIAM SHROPSHIRE,

      Petitioner,

vs.

ISIDRO BACA, et al.,

      Respondents.

Case No. 3:14-cv-00118-HDM-VPC

**ORDER**

      Petitioner has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee.

      The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] The court will serve the petition upon respondents for a response. The court also notes that the petition appears to be untimely.

      Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]The claim starting on page 5 of the petition appears to continue on the preceding page 4A.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

In state district court petitioner was convicted of first-degree kidnaping and robbery with the use of a deadly weapon. Petitioner had pleaded guilty while maintaining his innocence. See North Carolina v. Alford, 400 U.S. 25 (1970). The judgment of conviction was entered on October 9, 2009. Petitioner did not appeal, and, because the time to appeal otherwise would have ended on a Sunday, the judgment became final on November 9, 2009.

Three hundred twelve (312) days after the judgment became final, on September 17, 2010, petitioner filed his first post-conviction habeas corpus petition in the state district court. The state

1  district court denied the petition on November 2, 2010.  Petitioner did not appeal, and the denial

2  became final on December 2, 2010.  The one-year period was tolled while the first state habeas

3  corpus petition was pending.  See 28 U.S.C. § 2244(d)(2).

4        An amended judgment of conviction was entered on November 4, 2010.  It only changed the

5  credits for time spent in jail before conviction.  The amendment was not an issue that petitioner

6  could have appealed, and thus the amended judgment has no effect upon the date that the one-year

7  period started.  Cf. United States v. Colvin, 204 F.3d 1221, 1225 (9th Cir. 2000).

8        Petitioner filed his second post-conviction habeas corpus petition in the state district court

9  on June 12, 2013.  Ultimately, the Nevada Supreme Court determined that the petition was untimely

10  pursuant to Nev. Rev. Stat. § 34.726 and abusive of the writ pursuant to Nev. Rev. Stat. § 34.810.

11  The second state habeas corpus petition was ineligible for tolling under § 2244(d)(2).  Pace, 544

12  U.S. at 417.

13        One thousand one hundred eighty-three (1,183) days after the first state habeas corpus

14  proceedings terminated, on February 27, 2014, petitioner mailed the instant federal habeas corpus

15  petition pursuant to 28 U.S.C. § 2254.

16        On its face, the petition is untimely.  A total of one thousand four hundred ninety-five

17  (1,495) non-tolled days have passed between the finality of petitioner's judgment of conviction and

18  the commencement of this action, and that time well exceeds the one-year period of § 2244(d)(1).

19        Petitioner claims that the charges to which he pleaded guilty are fictitious, and that he is

20  actually innocent.  The court has no way to evaluate this argument with the excerpts of the record

21  that it can access.  The court also does not know whether the prosecution dropped more serious

22  charges in exchange for petitioner's plea, and thus whether petitioner would need to demonstrate

23  that he is actually innocent of those charges, too.  Under the circumstances, the court will direct

24  respondents to file a response.  Respondents may raise the timeliness of the petition in a motion to

25  dismiss, supported by the record of the proceedings in state court.

26        Petitioner has submitted a motion for the appointment of counsel.  Whenever the court

27  determines that the interests of justice so require, counsel may be appointed to any financially

28  eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district

1    court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

2    articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v.

3    Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas

4    proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not

5    separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d

6    at 954.  After reviewing the petition, the court finds that appointment of counsel is not warranted.

7        IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is

8    **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

9        IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of

10   habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for the appointment of counsel.

11       IT IS FURTHER ORDERED that the motion for the appointment of counsel is **DENIED**.

12       IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney

13   General for the State of Nevada, as counsel for respondents.

14       IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

15   copy of the petition and this order.  In addition, the clerk shall return to petitioner a copy of the

16   petition.

17       IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date

18   on which the petition was served to answer or otherwise respond to the petition.  Respondents shall

19   raise all potential affirmative defenses in the initial responsive pleading, including lack of

20   exhaustion and procedural default.  Successive motions to dismiss will not be entertained.  If

21   respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing

22   Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five

23   (45) days from the date on which the answer is served to file a reply.

24       IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a

25   separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments

26   that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits

27   in the attachment.  The hard copy of any additional state court record exhibits shall be

28   forwarded—for this case—to the staff attorneys in Las Vegas.

1    IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if

2    appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or

3    other document submitted for consideration by the court.  Petitioner shall include with the original

4    paper submitted for filing a certificate stating the date that a true and correct copy of the document

5    was mailed to the respondents or counsel for the respondents.  The court may disregard any paper

6    received by a district judge or magistrate judge that has not been filed with the clerk, and any paper

7    received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

8    DATED: August 20, 2014.

9

10   _____

11   HOWARD D. MCKIBBEN
     United States District Judge

-5-